Dear Mr. Miller:
I am in receipt of your request for an Attorney General's Opinion on behalf of the state wide organization of the Agriscience/Agribusiness/FFA instructors concerning the salary payments of teachers who have contracts other than nine months. You have indicated that some teachers in Louisiana have contracts of 10, 11 and 12 months. You ask the following questions:
 1. Are teachers on 10, 11 and 12 month contracts paid on the same basis as nine month teachers? (9/12th; or 10/12th or 12/12th?)
 2. Should the teacher's pay supplement of the 1995-96 Regular Legislative Session reflect the extended work contracts and be paid in equal amounts on a 12/12th basis to teachers of 12 month contracts?
 3. Will future teachers' salaries of 10, 11 and 12 month contracts reflect the extended work contracts and be paid on a 10/12th, 11/12th and 12/12th basis?
In response to your first question, LSA-R.S. 17:422 A and B provide as follows:
 A. Nothing contained in R.S. 17:421 shall prevent parish or city school boards from providing additional compensation or increased increments, for special teachers, such as principals, assistant principals, coaches, librarians, agriculture teachers, home economics teachers, music teachers, or any other teachers; and furthermore the parish and city school boards shall provide that no teacher will receive less than the salary received during 1955-1956 for 9 months' work.
 B. (1) All vocational agriculture teachers employed by a parish or city school board shall teach a twelve-month program for a twelve-month budget period and shall be paid a salary at the same monthly rate as provided in the minimum salary schedule contained in R.S. 17:421.3. No parish or city school board shall change the vocational agriculture program without approval by the State Board of Elementary and Secondary Education. The vocational agriculture program shall include but not be limited to recognized co-curricular activities to be supervised by vocational agriculture teachers during the summer months such as those offered by the Future Farmers of America organization or other appropriate organization that provides summer occupational experiences, leadership programs, statewide judging contests and youth conventions. (Emphasis added).
Therefore, the answer to your first question is in the affirmative. As indicated in LSA-R.S. 17:422, Section B, these teachers shall be paid a salary at the same monthly rate as provided in the minimum salary schedule in LSA-R.S. 17:421.3.
In your second question, you have indicated that a pay supplement was given to teachers in 1995-96. As defined in Black's Law Dictionary, "supplemental" is defined as "[t]hat which is added to a thing to complete it." By definition and as you have confirmed, the pay supplement in question is pay received by employees on a continuous basis. That is, it is not a one-time pay raise.
You have asked whether this pay supplement should reflect the extended work contracts of teachers and be paid in equal amounts on a 12/12th basis to teachers of 12 month contracts. I have spoken with Joey Bielkiewicz, the Director of the Bureau of Educational Finance Services with the Department of Education and he has indicated that this pay supplement has no effect on the minimum salary schedule. Since LSA-R.S. 17:422B(1) states that all vocational agriculture teachers shall be paid a salary at the same monthly rates as provided in the minimum salary schedule, there is no legislative requirement that the teachers' pay supplement for the 1995-1996 regular legislative session reflect the extended work contracts of 9, 10, 11 and 12 month contracts.
In response to your third question, our office is unable to address it at this time without knowing any specifics concerning future salaries of teachers.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc